KING, C.J.,
Dissenting.
¶ 53. I believe that the majority errs in affirming the alleged inter vivos gift of $35,000.
¶ 54. While I agree with the majority that the record contained sufficient credible evidence from which the chancellor could find that David overcame the presumption of undue influence as to the execution of the will, I cannot make that same statement as it relates to the inter vivos gift. David used the power of attorney executed by Hall to take $35,000 from the joint account of Hall and Mitchell. That money was first placed in an account in the names of Hall, David, and Melissa. The money was subsequently placed into an account without Hall’s name. This transfer by David of a significant amount of Hall’s money, $35,000 to David and Melissa, would at best be considered as an inter vivos gift.
¶ 55. The chancellor found that there was no undue influence in the execution of the power of attorney. I agree that there is sufficient evidence in the record which will support the chancellor’s finding that there was no undue influence in the execution of the power of attorney. And were our consideration of issues related to the $35,000 to end at this point, then the chancellor should be affirmed on this matter. However, the consideration of this issue does not end here.
¶ 56. We are also obligated to determine whether the power of attorney conveyed upon David sufficiently broad authority to make, on his own volition, a gift to himself of $35,000 of Hall’s money. The power of attorney authorized David to act on behalf of Hall with reference to “banking matters and transactions, including, but not limited to, drawing checks on my bank account in my name, and making withdrawals and deposits.” A reasonable reading of this language would not seem to *521 allow David to make a $35,000 gift to himself of Hall’s money.
¶ 57. Since such a gift is not authorized by the power of attorney, then the one lawful way for David to have obtained the $85,000 was as an inter vivos gift. The law places upon an attorney-in-fact a very high fiduciary responsibility when acting for his principal. So high is the fiduciary responsibility that any degree of self-dealing is presumed void, unless: (1) there is a showing by clear and convincing evidence that the action was necessitated in the best interest of the principal, or (2) there is a showing by objective clear and convincing evidence that the action was done by or at the behest of the principal. See In re Estate of Bodman, 674 So.2d 1245, 1250 (Miss.1996); see also Griffin v. Armana, 687 So.2d 1188, 1196 (Miss.1996); Estate of Dykes v. Estate of Williams, 864 So.2d 926, 933(¶ 32) (Miss.2003).
¶ 58. “When dealing with an inter vivos gift, we have held that a confidential relationship alone is sufficient to raise the presumption of undue influence.” Greenlee v. Mitchell, 607 So.2d 97, 105 (Miss. 1992). “[W]hen there is a fiduciary or confidential relation, and there is a gift or conveyance of dubious consideration from the subservient to the dominant party, it is presumed void.” Griffin, 687 So.2d at 1193. “This is not because it is certain the transaction was unfair; to the contrary, it is because the Court cannot be certain it was fair.” Id.
¶ 59. To overcome the presumption of undue influence relating to the receipt of an inter vivos gift, and to avoid having the gift declared void, the recipient must offer clear and convincing evidence that the gift was the result of the free and independent determination of the giver. The evidence which is sufficient to overcome the presumption that the gift was the product of undue influence and, therefore, void must be something more than the self-serving testimony of the recipient. See In re Estate of Smith; Irving v. Streamer, 827 So.2d 673, 683(¶4) (Miss.2002). In the record before this Court, there is no objective evidence that Hall intended to make a cash inter vivos gift to Davis and Melissa. Indeed, in the record before this Court, the only evidence of any intent by Hall to make a cash inter vivos gift to David and Melissa is found in their self-serving testimonies. Their self-serving testimonies do not overcome the presumption of undue influence. Accordingly, the inter vivos gift is absolutely void. The self-serving testimonies from David and Melissa that Hall instructed David to transfer $35,000 from the checking account is in direct conflict with the testimony that Hall stated that the checking account was excluded from the will because the money in the checking account was to take care of his sister.
¶ 60. Also, material to the resolution of this issue is the fact that the transfer of this $35,000 to David and Melissa was not done by Hall; rather, it was done solely by David, acting in his fiduciary capacity using the power of attorney. That apparent breach of David’s fiduciary duty renders the action void and requires that the $35,000 be returned to the bank account held jointly by Hall and Mitchell to pass outside of the estate. As was noted in Griffin, 687 So.2d at 1193, this action is mandated not because the Court can be certain that the transaction was unfair, but rather, it is mandated because the Court cannot be certain that the transaction is in fact fair.
¶ 61. The chancellor’s finding that the presumption of undue influence, as it related to the inter vivos gift, was overcome by clear and convincing evidence is not supported by substantial evidence in the record. Therefore, I would find that the chancellor abused his discretion. Accord *522 ingly, I would reverse the chancellor’s finding of a valid inter vivos gift to David and render a judgment for Mitchell in the amount of $35,000, plus interest at the legal rate from the date that the funds were withdrawn from the checking account.
LEE, P.J., AND BARNES, J., JOIN THIS OPINION.